Erwin J. Shustak, Esq. (119152)
Email: shustak@shufirm.com
Jonah A. Toleno, Esq. (209600)
Email: jtoleno@shufirm.com
Katherine S. DiDonato, Esq. (272704)
Email: kdidonato@shufirm.com
SHUSTAK REYNOLDS & PARTNERS, P.C.
401 West "A" Street, Suite 2250
San Diego, CA 92101
Telephone: (619) 696-9500
Facsimile: (619) 615-5290

Attorneys for Defendant
Bock Evans Financial Counsel, LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, as trustee of the Charlotte B. Milliner Trust dated January 30, 1997, and as owner and holder of the CHARLOTTE B. MILLINER SEP IRA; JOANNE BREM, as Trustee of the Van Santen-Brem Revocable Trust, for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOCK EVANS FINANCIAL COUNSEL, LTD, a Colorado corporation;<br><br>Defendant. | Case No. CV-15-1763 TEH<br><br>**PUTATIVE CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT BOCK EVANS FINANCIAL COUNSEL, LTD**<br><br>Judge:   Hon. Thelton E. Henderson<br><br>Hearing Date: January 25, 2016<br>Time: 10:00 a.m. |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Shustak Reynolds & Partners, P.C. (the "Shustak Firm"), counsel for Defendant Bock Evans Financial Counsel, Ltd. ("Bock Evans" or "Defendant"), hereby moves for leave of this Court to allow the Shustak Firm to withdraw as counsel for Bock Evans in this action. The Shustak Firm makes this motion on the basis that it is not, and has not, been paid for its representation of Bock Evans. Moreover, Bock Evans has failed to take critical advice from the Shustak Firm concerning this litigation and the fee agreement between Bock Evans and the Shustak Firm specifically permits the Shustak Firm to withdraw from its representation should Bock Evans breach the agreement, which it has done.  As shown below, California's Rules of Professional Conduct and the rules of this Court permit withdrawal of counsel in circumstances such as these. As such, this motion should be granted.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant Bock Evans Financial Counsel, Ltd. is a small Registered Investment Advisory firm based in Denver, Colorado. Plaintiffs Brem and Milliner are former clients of Defendant. Plaintiffs hired Defendant to provide investment advice in connection with brokerage accounts they maintained at Mutual Securities, Inc. ("MSI"), a FINRA-regulated broker dealer. Milliner was a client of Defendant from 2004 through 2014, and Brem was a client from 2011 through early 2015. This litigation stems from Bock Evans' relationship as Plaintiffs' investment advisor.

Plaintiffs filed a putative class action complaint against Bock Evans on April 20, 2015 (Dkt No. 1). Bock Evans moved to dismiss this action on May 12, 2015 (Dkt. No. 8). This Court denied the motion, and Bock Evans thereafter answered the complaint on July 22, 2015 (Dkt. No. 37). The case is currently in the discovery phase and the Court has ordered the parties to mediation. (Dkt. No. 49). No class certification deadline or trial dates have been set. The parties informed the Court in their prior Joint Case Management Statement that Bock Evans intends to file for bankruptcy. (Dkt. No. 48) A further case management conference is scheduled for December 21, 2015.

The Shustak Firm has been representing Bock Evans since February 2015, first in the related FINRA proceeding and Bock Evans' Petition to Compel Mediation and Arbitration, and then in this

litigation. Decl. of Erwin J. Shustak, Esq., at ¶¶ 3-6.  As of today, Bock Evans is in breach of its fee agreement with the Shustak Firm and owes the Shustak Firm over $80,000. *Id.* at ¶ 7.  Additionally, Bock Evans has been failing to take the Shustak Firm's advice regarding filing for bankruptcy, and it is unknown when, and if, Bock Evans will file a bankruptcy petition through other counsel. *Id.* at ¶ 11.  As of this time, the Shustak Firm believes Bock Evans is an insolvent company with virtually no assets with liabilities greatly exceeding any assets it may have. *Id.*

### III.  ARGUMENT

The Civil Local Rules of the United States District Court for the Northern District of California authorize an attorney to withdraw as counsel of record after he or she (1) provides written notice to the client and all other parties in the action and (2) the attorney obtains leave of court. N.D. Calif. Civ. L.R. 11-5(a); *Darby v. City of Torrance*, 810 F. Supp. 275 (C.D. Cal 1992). The decision to permit counsel to withdraw is within the sound discretion of the trial court. *See U.S. v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Withdrawal is governed by the California Rules of Professional Conduct. *See* N.D. Cal. L.R. 11-4(a); *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Courts in this District also look at several factors, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm hat withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, 2010 U.S. Dist. LEXIS 101701, *6 (N.D. Cal. 2010)

California Rule of Professional Conduct 3-700(c) states that an attorney may withdraw from representation if the client:

(d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or...

(f) breaches an agreement or obligation to the member as to expenses or fees.

Cal. *Rules of Professional Conduct*, Rule 3-700(C)(1)(d), (f).

Also, ABA Model Rule of Professional Conduct 1.16(b), which deals with "Declining or Terminating Representations," states that a lawyer may withdraw from representation if:

1   (5) the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's
2       services and has been given reasonable warning that the lawyer will withdraw unless the
3       obligation is fulfilled;
4   (6) the representation will result in unreasonable financial burden on the lawyer or has been
5       rendered unreasonably difficult by the client; or
6   (7) other good cause for withdrawal exists.

7 ABA *Model Rules of Professional Conduct*, Rule 1.16(b)(5), (6), (7). Comment 8 to Rule 1.16
8 elaborates that "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement
9 relating to the representation, such as an agreement concerning fees or court costs or an agreement
10 limiting the objectives of the representation."

11      California Rule of Professional Conduct 3-700(A)(2) requires an attorney to take reasonable
12 steps to avoid reasonably foreseeable prejudice to the client before withdrawing. This includes
13 giving notice to the client, allowing time for employment of other counsel, returning the client's
14 papers and property if requested, and complying with applicable laws and rules. California *Rules of*
15 *Professional Conduct*, Rule 3-700(A)(2).

16      Withdrawal of the attorney is justified under Rule 3700(c) and N.D. Calif. Civ. L.R. 11-5(a) if
17 the client will not or cannot pay the attorney's fees. *St. Matthews Baptist Church of Livermore, Inc. v.*
18 *Found. Capital Res., Inc.*, 2015 U.S. Dist. LEXIS 14681, *5 (N.D. Cal. Feb. 6, 2015) (failure to pay
19 attorneys' fees constitutes good cause for withdrawal); *Pension Plan v. Yubacon Inc.*, 2014 U.S.
20 Dist. LEXIS 35643, *6 (N.D. Cal. Mar. 18, 2014) (compiling N.D. Cal. cases where failure or
21 inability to pay for legal services constitutes good cause for withdrawal); *Ramirez v. Video Wave of*
22 *Noe Valley*, 2012 U.S. Dist. LEXIS 88446, *4 (N.D. Cal. June 26, 2012) (client's failure to pay
23 attorneys' fees constituted good cause for withdrawal).

24      Additionally, once an attorney has decided to sue the client to collect fees, a conflict of
25 interest has arisen and he or she should withdraw. Cal. State Bar Form. Opn. 2009-178, at p. 3; *see*
26 *also* Los Angeles County Bar Assn. Formal Opn. No. 476 (1994) ("an attorney should withdraw
27 from all matters . . . prior to commencing litigation for costs or fees.").
28

MEMO OF P'S & A'S IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL                CV-15-1763 TEH

1     Withdrawal is permitted even though a corporation is the client. *See, e.g., Pension Plan v.*
2  *Yubacon Inc.*, 2014 U.S. Dist. LEXIS 35643 (N.D. Cal. Mar. 18, 2014) (granting motion to
3  withdraw representation of corporation even though the corporation had not yet retained new
4  counsel); *BSD, Inc. v. Equilon Enters., LLC*, 2013 U.S. Dist. LEXIS 85607 (N.D. Cal. June 18,
5  2013) (same). If granting a motion to withdraw leaves a party without counsel, the court may
6  condition the withdrawal on the attorney agreeing to forward all communications from the Court to
7  the former client until new counsel is obtained, and should notify the corporation that failure to
8  obtain new counsel may result in the answer being stricken. N.D. Cal. L.R. 11-5(b).

9     There is good cause to allow the Shustak Firm to withdraw as counsel for Bock Evans, as
10 Bock Evans is in breach of their fee agreement, currently owes the Shustak Firm over $80,000, and
11 has failed to take the Shustak Firm's advice regarding critical issues in this case. Shustak Decl. at ¶¶
12 7, 11.  As such, irreconcilable differences have arisen between Bock Evans and the Shustak Firm.
13 *Id.* at ¶ 4.

14    Failure to pay legal fees owed is considered good cause to allow a firm to withdraw as
15 counsel. See Cal. *Rules of Professional Conduct*, Rule 3-700(C)(1)(f); ABA *Model Rules of*
16 *Professional Conduct*, Rule 1.16(5), (6); *St. Matthews Baptist Church of Livermore, Inc.,* 2015 U.S.
17 Dist. LEXIS 14681, *5; *Pension Plan v. Yubacon Inc.*, 2014 U.S. Dist. LEXIS 35643, *6; *Ramirez*
18 *v. Video Wave of Noe Valley*, 2012 U.S. Dist. LEXIS 88446, *4. Additionally, the fee agreement
19 negotiated and entered into by Bock Evans and the Shustak Firm specifically provides that "[The
20 Shustak Firm] may withdraw from your case if you breach this agreement or refuse to cooperate or
21 follow our advice on a material issue". *Id.* at ¶ 4.

22    The Shustak Firm has been representing Bock Evans for several months now without pay or
23 any assurance of when, if ever, it would be paid for the legal services provided to Bock Evans. *Id.* at
24 ¶ 10. The Shustak Firm has strongly urged Bock Evans to file for bankruptcy due to their financial
25 condition, but Bock Evans to date has failed to take this advice. *Id.* at ¶ 11. Continuing to represent
26 Bock Evans without pay will cause serious injury and financial damage to the Shustak Firm. *Id.* at ¶
27 12. The Shustak Firm has been placed in the position where it will need to file a collection action
28 against Bock Evans, which will create a conflict of interest between itself and Bock Evans. *Id.* In

1 these circumstances, the ethical rules and opinions state the firm "should" withdraw from
2 representing its client. Cal. State Bar Form. Opn. 2009-178, at p. 3; *see also* Los Angeles County
3 Bar Assn. Formal Opn. No. 476 (1994).

4     Withdrawal of the Shustak Firm will not cause prejudice to the other litigants. The parties'
5 deadline to mediate is set for February 28, 2016, which gives Bock Evans enough time to retain new
6 counsel, especially considering they are already represented by corporate and bankruptcy counsel.
7 Shustak Decl. at ¶ 12.  As deadlines for class certification and trial have not been set, Bock Evans
8 will have ample time before any of these deadlines to retain new counsel should they choose not to
9 pursue bankruptcy.

10     The Shustak firm has given Bock Evans ample notice of its intent to withdraw, and has
11 informed Bock Evans that if the withdrawal is granted, and Bock Evans does not retain new
12 counsel, a judgment may be entered against them. Shustak Decl. at ¶ 12.

13 **IV.    CONCLUSION**

14     Pursuant to California Rules of Professional Conduct and the rules of this Court, good cause
15 exists to grant the Shustak Firm leave to withdraw as counsel for Bock Evans. As such, the Shustak
16 Firm's motion should be granted.

17

18 DATED:  December 15, 2015            Submitted by,

19                                     SHUSTAK REYNOLDS & PARTNERS, P.C.
20                                     ERWIN J. SHUSTAK, ESQ.
                                       JONAH A. TOLENO, ESQ.
21                                     KATHERINE A. DIDONATO, ESQ.

22

23                                      /s/   Katherine S. DiDonato
                                       Email: kdidonato@shufirm.com
24
                                       401 West "A" Street, Suite 2250
25                                     San Diego, CA 92101
                                       Telephone: (619) 696-9500
26                                     Facsimile: (619) 615-5290

27                                     *Attorneys for Defendant Bock Evans Financial*
28                                     *Counsel, LTD*