Erwin J. Shustak, Esq. (119152)
Email: shustak@shufirm.com
Jonah A. Toleno, Esq. (209600)
Email: jtoleno@shufirm.com
Katherine S. DiDonato, Esq. (272704)
Email: kdidonato@shufirm.com
SHUSTAK REYNOLDS & PARTNERS, P.C.
401 West "A" Street, Suite 2250
San Diego, CA 92101
Telephone: (619) 696-9500
Facsimile: (619) 615-5290

Attorneys for Defendant
Bock Evans Financial Counsel, LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, as trustee of the Charlotte B. Milliner Trust dated January 30, 1997, and as owner and holder of the CHARLOTTE B. MILLINER SEP IRA; JOANNE BREM, as Trustee of the Van Santen-Brem Revocable Trust, for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOCK EVANS FINANCIAL COUNSEL, LTD, a Colorado corporation;<br><br>Defendant. | Case No. CV-15-1763 TEH<br><br>**PUTATIVE CLASS ACTION**<br><br>**DECLARATION OF ERWIN J. SHUSTAK, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT BOCK EVANS FINANCIAL COUNSEL, LTD**<br><br>Judge:  Hon. Thelton E. Henderson<br><br>Hearing Date: January 25, 2016<br>Time: 10:00 a.m. |

I, Erwin J. Shustak, Esq., hereby declare and state as follows:

1.     I am a shareholder and Managing Partner of Shustak Reynolds & Partners, P.C. ("the Shustak Firm").  I submit this Declaration in support of the Shustak Firm's Motion to Withdraw as Counsel for Defendant Bock Evans Financial Counsel, LTD. ("Bock Evans").  I have personal

- 1 -
DECLARATION OF ERWIN J. SHUSTAK, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL
CV-15-1763 TEH

1  knowledge of the facts stated herein.  If called upon to testify, I could and would testify competently
2  thereto.

3      2.    As this Declaration is in support of our law firm's application to be relieved as
4  counsel of record for a client, I will disclose what I believe is the minimum information necessary
5  for this motion and the Court's information while, at the same time, respecting and maintaining the
6  attorney/client confidences shared between the client and our firm.  If this Court wishes more
7  information from our firm, I am happy to provide it for an *in camera* review by this Court.  Nothing
8  set forth in this Declaration is intended to waive, in any way, the attorney/client privilege between
9  our firm and our client.

10      3.    In February, 2015 Bock Evans and its two principals, Mary Evans and Thomas
11  Bock, retained our firm to defend them in a FINRA proceeding that Plaintiff Charlotte Milliner
12  brought against them. We did not know these clients and this was our first representation of them.
13  Ms. Milliner, one of the two putative class representatives in this case was, and continues to be,
14  represented by the same attorney in that FINRA arbitration who purports to be counsel for this
15  putative class action, David Sturgeon-Garcia, with Charles D. Marshall as co-counsel.  We entered
16  into a negotiated attorney/client fee agreement with Ms. Evans, Mr. Bock and Bock Evans dated
17  February 5, 2015.  I will make a copy of that agreement available to this Court for its inspection
18  under seal or under other confidentiality-preserving procedures as deemed appropriate by this Court
19  should the Court wish to review a copy.

20      4.    That retainer agreement contains all of the terms and conditions of our firm's
21  engagement.  It provides that we would be paid a retainer against which we would charge our time;
22  specifies that all of our invoices are payable on receipt; specifies the charges by every attorney and
23  paralegal in our firm; details our billing practices and it specifically provides that "We may
24  withdraw from your case if you breach this agreement or refuse to cooperate or follow our advice
25  on a material issue".

26      5.    Since Bock Evans is not a member of FINRA, and not subject to FINRA jurisdiction
27  (the firm is a Colorado registered Investment Advisor), our clients directed us to move to compel
28

- 2 -

DECLARATION OF ERWIN J. SHUSTAK, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL
CV-15-1763 TEH

1 arbitration of any of Milliner's claims against Bock Evans before the American Arbitration
2 Association, the arbitration forum specified in the agreement between Bock Evans and Milliner.
3 We filed a Petition to Compel Arbitration before the California Superior Court and Milliner,
4 through her attorneys, removed that Petition to this Court, before a different United States District
5 Court Judge. Ultimately, this Court declined to compel arbitration and that Petition became moot.

6   6.   Thereafter, while Milliner's individual FINRA arbitration against Bock Evans, Ms.
7 Evans and Mr. Bock was pending, in which she was and is represented by the same attorneys, she
8 and her attorneys then filed this putative class action. What ensued was, in my opinion, very
9 aggressive, scorched earth litigation intended to bludgeon Bock Evans into a settlement. Despite
10 representing Milliner in her individual claims before FINRA, her same counsel purport to act as
11 class counsel for a putative class of which Milliner purports to be a class representative. Although I
12 believe that, ultimately, this Court would deny any application by Milliner to be class
13 representative, and her counsel to be class counsel in light of her pending individual claims, this
14 case has been heavily litigated and there has and continues to be extensive discovery.

15   7.   The litigation costs to Bock Evans quickly mounted. The retainer was depleted in
16 early 2015. Our client has very little, if any, experience with federal litigation and may not have
17 appreciated the full extent, and cost, of defending a federal class action litigation. As the costs of
18 litigating this case escalated, Bock Evans began to fall behind in payments to our firm. As of today,
19 our firm is owed more than $80,000.00 for our work. Based on discussions with our client, we
20 understand that Bock Evans is, essentially, illiquid and insolvent and its debts greatly exceed its
21 assets. We also have been advised there is no money with which to pay our firm for work already
22 undertaken, let alone the extensive work anticipated in the foreseeable future. Bock Evans has,
23 unfortunately, breached the terms of our retainer agreement, is not following our advice on material
24 litigation strategy issues and is financially unable to pay our firm for our past, current and future
25 work.

26   8.   Bock Evans is a very small investment advisory firm. While we tried to convey that
27 information to Plaintiffs' counsel, I do not think they believed us. At my suggestion, I asked Bock
28

Evans, working through its own, independent corporate and bankruptcy counsel, to prepare a draft Chapter 7 Bankruptcy Petition. This Court is aware that we were given a deadline of December 14th by which to provide a copy of that Petition to Plaintiffs' counsel. We received that draft Petition on the morning of December 14th and promptly provided a copy to Plaintiffs' counsel in accordance with this Court's Minute Entry dated November 30, 2015 and filed as Document Number 49 with this Court's docket. If this Court would like a copy, I am happy to provide one. The draft Petition is the first idea I had of exactly how illiquid Bock Evans actually is.

9. We did not prepare that draft Chapter 7 Petition. It was prepared by Bock Evans and its own, independent Bankruptcy counsel whom we do not know. The highlights of the draft Petition are sobering. According to the Petition, Bock Evans has assets, valued at current fair market value, of $11,786.00. Against those assets, there are listed liabilities of app. $180,000.00. There are three creditors of Bock Evans, the largest of which is our firm. The draft Petition lists the amount owed to our firm as $73,650.00. We continue, however, to work on the case and, through the month of December, for which we have not yet billed, there is at least another $10,000.00 to $15,000.00 or more of unbilled work in process. We have not been paid by our client for a number of months and we have been informed that there are no available funds with which Bock Evans can pay our firm.

10. The draft Petition also states the gross annual revenues of Bock Evans which have been declining. In 2013, revenues for the firm were $197,000.00. For 2014, they had dropped to $107,000.00 and for 2015 to date, they were less than $50,000.00. Between the firm's liabilities, which are more than 16 times greater than its assets, and the fact the firm's gross revenues year to date are less than $50,000.00, it is obvious the firm is insolvent and unable to pay its current and past liabilities, let alone have any funds with which to pay any judgment in this case even if one were to be awarded against it. Meanwhile, our firm continues to respond to extensive discovery and other matters, all without pay or assurance of when, if ever, we would be paid for our services.

11. We have given what we believe to be the only sensible advice to Bock Evans. Our client, however, has not made a decision; is not sure when, if ever, it will actually file the

Bankruptcy Petition and seek protection from its creditors, and our firm is left twisting in the wind. We are in the unenviable position of spending our time and effort, without pay, to defend an insolvent company that is not, and cannot pay for its attorneys and which, in our opinion, is not worth defending, given its apparent insolvency. In effect, while we have a cordial relationship with our client, our client is not following our advice on a very critical issue and expects our firm to continue to work without pay defending an insolvent company with virtually no assets and liabilities that greatly exceed whatever assets it has. And our firm is our client's single biggest creditor.

12.   We are a small firm of ten attorneys. We cannot continue to represent Bock Evans without pay without seriously injuring and financially damaging our firm and our economic viability. Bock Evans has breached our retainer agreement, not only by failing to pay for our services but by not following our advice on a material issue. Non-payment and not following our advice has created an irreconcilable difference between our client and our firm. We will need to file a collection action against our own client. Under the applicable ethical rules, however, cited in our memorandum of law, any such collection action will prevent us from representing our client. We are, unfortunately, between a rock and a hard place. Our ability to give independent legal advice to our client is seriously in jeopardy, since advice of what can or should be done to defend this litigation, is colored by the fact that our firm has not been paid, and is not being paid and will not be paid for our advice and our services. Our client does not have the ability to pay us; it has breached the terms of our retainer agreement; it is not following our advice on a material issue and it has not made a decision of what it intends to do despite having the benefit of advice from its independent corporate and its bankruptcy counsel. We have been discussing these issues with our client for more than a month with no clear direction from our client other than it expects us to continue working on its behalf without any assurance of payment.

13. On December 8, 2015, I informed Bock Evans, both verbally and in writing, of our intention to move to withdraw as counsel. This included informing Bock Evans that if our motion to withdraw was granted, and they chose not to purse bankruptcy, they would need to retain new

counsel to represent them in this action otherwise a judgment may be entered against them. I have since had further conversations with Bock Evans concerning our intent to withdraw and have encouraged them to obtain new counsel.

14. We respectfully ask this Court to allow us to withdraw as counsel of record for Bock Evans.  Our client has breached its agreement with us; our advice is not being followed; we are not being paid for the extensive amount of time we have, and continue to spend defending a baseless putative class action being pursued by a named individual, and her attorneys, who already are prosecuting her same, individual claims against the same defendant, seeking duplicative recoveries in different forums.  Our client is essentially insolvent and, in our opinion, not financially worth our sacrifice of working for free to defend.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on December 15, 2015 in San Diego, California.

                             __s/ Erwin J. Shustak_____
                                 ERWIN J. SHUSTAK, ESQ.