UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BOCK EVANS FINANCIAL COUNSEL, LTD.,<br><br>Defendant. | Case No. 15-cv-01763-TEH<br><br>**ORDER GRANTING MOTION TO WITHDRAW** |

This matter is before the Court on Shustak Reynolds & Partners, P.C. (the "Shustak Firm")'s Motion to Withdraw as Counsel for Defendant Bock Evans Financial Counsel, Ltd. ("Bock Evans"). Docket No. 51. The Court found this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and vacated the hearing set for January 25, 2016. Having carefully reviewed the parties' written arguments, and good cause appearing, the motion is hereby GRANTED for the reasons set forth below.

**LEGAL STANDARD**

In this district, the California Rules of Professional Conduct govern motions to withdraw as counsel. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct ("Rule") 3-700(C)(1)(f) allows withdrawal when a client "breaches an agreement or obligation to the [attorney] as to expenses or fees," and Rule 3-700(C)(1)(d) allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively." Finally, Rule 3-700(A)(2) provides that counsel "shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [regarding return of papers], and complying with applicable laws and rules."

1    The decision to permit counsel to withdraw is within the sound discretion of the
2    trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider
3    several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel
4    seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants;
5    (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent
6    to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*,
7    No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

## DISCUSSION

The Shustak Firm has satisfied Rule 3-700(A)(2)'s notice requirement, providing Bock Evans with both verbal and written notice of its intent to withdraw on December 8, 2015. Docket No. 51-2 ¶ 13. As to the basis for withdrawal, the Shustak Firm explained that: "[I]t is not, and has not, been paid for its representation of Bock Evans. Moreover, Bock Evans has failed to take critical advice from the Shustak Firm concerning this litigation and the fee agreement between Bock Evans and the Shustak Firm specifically permits the Shustak Firm to withdraw from its representation should Bock Evans breach the agreement, which it has done." Docket No. 51-1 at 1.

As discussed above, failure to pay attorneys' fees constitutes good cause for withdrawal under Rule 3-700(C)(1)(f). Indeed, there is no objection from any party to the basis for the Shustak Firm's motion. The only objection to the motion came from Plaintiffs, who agreed that withdrawal is appropriate in this case but requested that the motion be granted with the following conditions: "(a) that all papers from the court and from Plaintiffs continue to be served on Defendant's current counsel for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b); (b) this court retains jurisdiction over Defendant's current counsel for the purpose of determining sanctions for conduct of that counsel up to the conditional order allowing withdrawal; (c) because corporations may not appear in federal court except by counsel, Defendant has 30 days . . . to find substitute counsel and for that counsel to make an

2

appearance and file a request for substitution of counsel; and (d) if Defendant has not filed substitution of counsel by that date, Defendant's answer shall be stricken and a default entered against Defendant and in favor of Plaintiffs." Docket No. 54 at 5-6.

The Shustak Firm agreed to condition (a), and in an event, such condition is proper under the Northern District of California's Civil Local Rules. *See* Civ. L.R. 11-5(b) ("When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se."). Accordingly, the Shustak Firm shall continue to receive all papers served in this action and forward them to the appropriate representative of Bock Evans until substitute counsel is appointed.

As to condition (b), this Court need not "retain jurisdiction" over counsel when granting a motion to withdraw. If the members of the Shustak Firm have been responsible for sanctionable conduct, the Court is not stripped of authority to impose sanctions upon them merely by virtue of the Shustak Firm's withdrawal as counsel of record. *See In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986) (holding that a court retains jurisdiction to sanction counsel even after he withdraws from an action). Accordingly, this condition is unnecessary.

Finally, as to conditions (c) and (d), the Shustak Firm does not challenge the case law cited by Plaintiffs in support of these requests. And Plaintiffs are correct in arguing both that corporations may not appear in federal court except by counsel (*see* Civ. L.R. 3-9(b); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)), and that federal courts routinely include, in orders granting motions to withdraw, a directive that corporate parties file a substitution of counsel by a date certain or face default (*see United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that default judgment against a corporation was appropriate where the corporation failed to retain counsel, as directed)). Moreover, the Shustak Firm "has informed Bock Evans that if the withdrawal

1 is granted, and Bock Evans does not retain new counsel, a judgment may be entered
2 against them." Docket No. 51-1 at 6.  Accordingly, Bock Evans has 30 days, or until
3 March 4, 2016, to find substitute counsel.  If Bock Evans has not filed a substitution of
4 counsel by that date, then its answer will be deemed stricken and default will be entered
5 against it.

## CONCLUSION

The Shustak Firm, and all of its members, are hereby permitted to withdraw, as counsel of record in the above-captioned action for Defendant Bock Evans, effective immediately upon issuance of this Order. The Shustak Firm shall continue to receive all papers served in this action and forward them to the appropriate representative of Bock Evans until substitute counsel is appointed. Bock Evans has 30 days, or until March 4, 2016, to find substitute counsel. If Bock Evans has not filed a substitution of counsel by that date, then its answer will be deemed stricken and default will be entered against it.

**IT IS SO ORDERED.**

Dated:   02/03/16

_____
THELTON E. HENDERSON
United States District Judge

4