UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER et al., <br> Plaintiffs, <br> v. <br> BOCK EVANS FINANCIAL COUNSEL, LTD., <br> Defendant. | Case No. 15-cv-01763-JD <br><br> **ORDER** <br> Re: Dkt. Nos. 92, 93 |

This order resolves pending administrative motions brought by non-party National Financial Services ("NFS") to file documents under seal, Dkt. No. 92, and to retain confidentiality of documents produced in discovery, Dkt. No. 93. The requests to seal are granted.

## I.  LEGAL STANDARD

In our circuit, in evaluating a motion to seal, different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion. For dispositive motions, the historic "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). For non-dispositive motions, the less-stringent "good cause" standard applies. *Id.* Motions to seal must also comply with Civil Local Rule 79-5, including the rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," *i.e.*, is "sealable." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The same "good cause" standard for sealing documents attached to non-dispositive motions also applies to motions to retain confidentiality under a stipulated protective order, as

1  "[t]he cognizable public interest in judicial records that underlies the 'compelling reasons'

2  standard does not exist for documents produced between private litigants." *Pintos v. Pacific

3  Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana*, 447 F.3d at 1180); *see also

4  In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424-25 (9th Cir. 2011).

## II. DISCUSSION

Both motions are subject to the "good cause" standard. NFS seeks to file sealed documents in support of its motion to retain confidentiality, "a discovery motion unrelated to the merits of" this dormant action. *Ctr. for Auto Safety v. Chrysler Grp.*, *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also* Dkt. Nos. 90, 100. The "good cause" standard of Rule 26(c) also governs motions to retain confidentiality under a protective order. *See In re Roman Catholic Archbishop*, 661 F.3d at 424-25.

NFS withdrew its confidentiality designations for certain categories of documents that have been sufficiently redacted to protect sensitive information. Dkt. No. 93 at 6. NFS also withdrew designations for the financial records of consenting customers represented by plaintiffs' counsel. *Id.* at 10. The only documents at issue in these motions are a clearing agreement between NFS and Mutual Securities, Inc. ("MSI"), *id.* at 4-5, and three categories of financial records relating to non-party customers of NFS who have not consented to disclosure, *id.* at 5-6. NFS has carried its burden of showing "good cause" for filing these documents under seal, and for retaining confidentiality over other such documents it produced in this action.

Rule 26(c) expressly authorizes protection of confidential commercial information. Fed. R. Civ. P. 26(c)(1)(G). NFS has made a particularized showing that disclosure of its highly negotiated agreement with MSI would expose it to competitive harm. Dkt. No. 93 at 7-8. Courts have allowed confidential commercial agreements to be sealed even under the "compelling reasons" standard. *E.g.*, *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-cv-03587-BLF, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018). Plaintiffs say that the agreement is already in the public domain, but that is based on a nine-year-old NFS clearing agreement with a different firm. Dkt. No. 96 at 5; *see also* Dkt. No. 97 at 3-4. Plaintiffs have not established that NFS's clearing agreement with MSI "[has] been publicly released," and so no wavier occurred. *Upshaw v.*

*Alameda County*, No. 18-cv-07814-JD, Dkt. No. 68 at 3 (N.D. Cal. Sept. 16, 2019).

Documents containing customer financial information may also be entitled to protection. *See, e.g.*, *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. 12-cv-03856-PJH, 2013 WL 897914, at *2 (N.D. Cal. Mar. 8, 2013). NFS has established that further redaction of these documents would not provide sufficient protection to its customers. Dkt. No. 93 at 9. NFS's showing of good cause for protecting these documents is bolstered by SEC regulations requiring NFS to keep them such records and information confidential. *Id.* at 10 (citing 17 C.F.R. § 248.30(a)(1)).

## CONCLUSION

NFS's administrative motion to file documents under seal is granted. NFS's motion to retain confidentiality for its clearing agreement with MSI and for records containing financial information of non-parties who have not consented to disclosure is also granted.

**IT IS SO ORDERED.**

Dated: March 27, 2020

JAMES DONATO
United States District Judge